All right with that the court will hear argument first this morning in case number 24-3171 in Re Application of Financial Right Claims. Mr. Hou. Good morning, Judge Mady and may it please the court, Derek Ho for appellants. May I please reserve four minutes for rebuttal? That'll be granted. May it please the court, the district court's sua sponte dismissal for lack of subject matter jurisdiction was erroneous for two reasons. First, as FRC concedes, contrary to the district court's reasoning, the district court had jurisdiction over the 1782 proceeding. Otherwise, it had no power to grant the 1782 application, which it did below. But jurisdiction does not go only one way. Under Supreme Court and circuit law that the appellee does not challenge, that jurisdiction extended to our motion to compel arbitration and for a stay pending that arbitration. Second, independent of Section 1782, two FAA provisions, Section 4 and Section 203, also confer jurisdiction. The dismissal below should be reversed. Do we need, I want to go back to this question of what we're actually talking about. The parties agree, but obviously we still have to confirm our own jurisdiction to hear this case. And so is there a meaningful dispute at this point that Article 3 jurisdiction exists as a case or controversy? No, I don't believe so. In fact, at page 28 of the red brief, FRC concedes that it's 1782 proceeding constitutes a controversy for purposes of Article 3. And since Article 3 only grants jurisdiction to cases or controversies, then I assume your argument is this is a case or controversy since we have jurisdiction. The 1782 proceeding is a case or controversy. That's right. So there's Article 3 jurisdiction. There's also statutory subject matter jurisdiction under 1782 and 1331, as this Court's cases have repeatedly held. Why do we need to reach for 1782 as opposed to simply saying this is a 1331 action because it arises under the laws of the United States? It's a case arising under the laws of the United States. I think that would be perfectly consistent with this Court's precedents, which have invoked both 1782 and 1331. And as Your Honor says, that would be more than sufficient to resolve this case because, assuming that the 1782 action does arise under federal law under 1331, the Vaden makes very clear and Badrow reiterates that there is subject matter jurisdiction over our motion to compel arbitration and enforce stay. The Vaden is, but I guess that's where I'm going to. Is this a Vaden pass-through case or is this a rises under a 1331 case that we don't ever get to the pass-through analysis? I think I assume you're content with either. But what is both? I think basis for subject matter jurisdiction exists, but I think the court could stop at Vaden. That is to say at arising under jurisdiction. Normally, you don't need to look for a basis independent of the court's current subject matter jurisdiction in a case that's already pending in federal court. But FAA Section 4 look-through jurisdiction also does exist if the court thought it needed to go there, as does jurisdiction over Section 203. But I agree with Your Honor, the most straightforward way of resolving the subject matter jurisdiction issue in this case is to say that as FRC has now conceded, there is subject matter jurisdiction over the 1782 proceeding. And when there's jurisdiction over a case or a controversy, that jurisdiction extends to a motion such as a motion to compel arbitration and to stay. Of course, part of the reason why FAA look-through jurisdiction must also exist is that it would make no sense for the answer under FAA Section 4 to be different from the answer under 1331. That is to say, if 1331 jurisdiction confers jurisdiction over the motion to compel arbitration and for a stay, then the only sensible answer under FAA Section 4 is that FAA Section 4 is also satisfied. FAA Section 4 is designed to expand the court's jurisdiction to include cases where the court doesn't already have subject matter jurisdiction over the case. Here, by FRC's own concession, the court already does have subject matter jurisdiction over the 1782 proceeding. Your friend on the other side points to two cases from the Second Circuit that they argue create limiting principles that should apply here. What's your best argument in response? Those two cases are both distinguishable. So let me start with the first, which is Teamsters. Teamsters relates to a pre-suit discovery process under the New York CPLR. You can serve discovery even before you've initiated a lawsuit. And what the Second Circuit said in that case is that if you have simply served pre-suit discovery and you haven't yet filed your underlying case, you can't, the defendant cannot remove purely on the basis of the pre-suit discovery. And that makes sense because the subject matter jurisdiction of the court is over the civil action, the underlying lawsuit that, because of the peculiarities of New York civil procedure, have not yet been filed. And so what the Second Circuit said is that removal jurisdiction will depend on whether there's jurisdiction under that eventual civil action. Here, there is no underlying civil action other than the 1782 lawsuit. The 1782 is what creates federal subject matter jurisdiction. There is no other basis for subject matter jurisdiction. And likewise, in the Doe versus Trump case, the court said that there was no subject matter jurisdiction to hear a motion to compel arbitration of a dispute over Rule 45 subpoena. But that court never addressed the question that this case presents, which is whether the underlying dispute in that case actually already had given rise to subject matter jurisdiction. It assumed that FAA look-through jurisdiction was required. Respectfully, I think that assumption was not well-founded. The parties never briefed the question of whether the underlying lawsuit, which was properly in the federal court, already gave rise to subject matter jurisdiction over both the subpoena and the motion to compel arbitration of that subpoena. So I think both cases are distinguishable. And I think, frankly, Doe v. Trump just missed the principal issue in this case, which is that under Vaden and under Badreau, if there is subject matter jurisdiction over controversy in front of the court, that subject matter jurisdiction extends to a motion that's germane to the case. That's this court's language in Woolery. And Badreau and Vaden are simply applications of the principle that this court recognized in Woolery. George is another good example. This court's decision in George held that where the district court has an independent jurisdictional basis, such as 28 U.S.C. Section 1331, to hear a suit, that court's jurisdiction continues over a motion under FAA Section 9 and FAA Section 10, which, importantly, do not have look-through provisions. So what George was saying is that if you have jurisdiction under 1331, even in the absence of a look-through provision under the FAA, there is subject matter jurisdiction over an FAA motion. And that applies equally here to both the motion to compel arbitration under Section 4, which does have a look-through provision, which independently is satisfied, as well as our motion under FAA Section 3 to stay the proceedings pending arbitration. FAA Section 3 does not have an independent look-through provision. It only applies where there's a case already pending in federal court. And so George applies to the FAA Section 3 motion. The district court did not resolve the merits of the case. We think that the merits of the motion to compel arbitration present a straightforward application of the right to... Why is that something we, assuming we agree with your arguments, then why wouldn't that properly be something for the district court to consider in the first instance? Your Honor, I think it could. Well, this court certainly has the discretion to ask the district court to resolve that in the first instance. We've briefed it because we do think it's a straightforward question of law and an application of that subtle law to a record that's perfectly clear as to what arguments FRC did and did not make. We acknowledge that FRC basically didn't brief the issue, which hampers to some extent this court's ability to resolve the issue in the first instance. So we acknowledge that it may well be the more appropriate course for this court to remand to the district court to decide that in the first instance. If the court has no more questions, I'll... Thank you, counsel. We'll hear from you on your bottle. Mr. Rosenthal. Thank you, Your Honor. If you don't mind, I'll just take a moment to set up. Please do. May it please the court. Jeffrey Rosenthal for Appellee Financial Right Claims. There are four main points I'd like to cover with you to respond to appellant's arguments, although I'm happy, obviously, to address any issues of interest to the court. Just want to go over the four real briefly at the beginning. First, Burford's arguments under Section 4 of the FAA are barred by the unambiguous text of that statute, which requires a civil action. A 1782 petition is simply not a civil action, and as a result, the district court lacked jurisdiction to compel arbitration. Second, Burford's Section 3 argument also fails based on the plain language of the statute. A Section 1782 proceeding is not a suit capable of resulting in a trial regarding an issue referable to arbitration. Third, the lack of jurisdiction under Section 3 and 4 is dispositive because Burford has waived its arguments under Chapter 2 because it never raised them below. And fourth, even if Burford had not waived its Section 203 argument, that argument fails because the Section 1782 application does not fall under the convention as required by Section 203 because it concerns a subject matter which is not capable of settlement by arbitration. Can we begin with the threshold question that I think that I asked your adversary? You agree that there is Article 3 jurisdiction here? There is Article 3 jurisdiction because there's a case or controversy. Where I disagree with my adversary, however, is that there's 1331 jurisdiction because 1331 has an additional requirement that it must be a civil action. And it's the same requirement that we see in Section 4 and the reason why their argument under Section 4 of the FAA fails. So what is the — what is a 1782 application? It's — I mean, as courts have noted, it's kind of a unique situation. It's like letters robatory. It's like Statute 1696 that talks about the district court's ability to authorize service of process in aid of foreign litigations. It's its own jurisdictional basis. And it's an odd conclusion to reach, though, since Congress never said any of that. And I understand your theory, but we have to imply all of that from 1782's process as opposed to saying, it seems as though what they've done is create a civil cause of action that now arises under the laws of the United States. So where do you find in the text or even in the history leading up to 1782 the idea that this is just of its own? Well, if you look at the nature of 1782 itself, there's no — there's no complaint that gets filed. There's no dispute between the parties that resolves rights of the parties in the federal court. It is purely in aid of a foreign lawsuit. And therefore, in many cases, including Intel, for example, when it's discussing 1782, never refers to jurisdiction under 1331. The cases like Intel refer to jurisdiction under 1782. And that's because under the legislative history, under the words of the statute itself, it doesn't fit the definition of a civil action. I mean, the Supreme Court has said, for example, in the CTS case, a civil action is a civil suit stating a legal cause of action. 1782 unquestionably does not meet that definition. Rule 3 of the Federal Rules of Civil Procedure could not be clearer. A civil action is commenced by filing a complaint with the court. So it's a case or a controversy, as you write, within the meaning of Article 3, but it is not a case within the meaning of 1331. Exactly. Exactly. What's another example of something like that where that comes up? Enforcement of third-party subpoenas in U.S. courts. Service of letters robatory, 1696, are not cases because a case or controversy requires a request, a lawsuit, that the court adjudicate legal rights between the parties. And that's why if you look at Section 4 itself, Congress could have easily just said that all that is required is a controversy. But it didn't. It added words to it. It says it needs to arise under Title 28, a civil action, or in admiralty, a suit regarding a controversy. Those additional words have to have meaning in the statute. And under the arguments by my adversary, those words would be written out. In fact, when you read their brief, they write out the words completely. And they just say, this is a controversy. Therefore, the court had jurisdiction under Section 4. Prior to 1782, for a very long time, federal courts were handling these kinds of requests. So how were they doing that? Well, there was a predecessor statute. I mean, the predecessor. But even before that, if we go back before the first time that this kicks up, courtesy of the Attorney General, they're still handling these requests. So how are they doing? I believe they were handling them as a matter of international comity. And you can't create federal jurisdiction. I appreciate that that may be the practical reason, but you can't create federal jurisdiction based on a principle like that. I am not aware, Your Honor, of any case, going back in the history of the country, any case that has actually done an analysis and found that a Section 1782 or a predecessor application falls within Section 1331. There are some cases that mention 1331 with no analysis at all, never standing alone. I'm not aware of any case that just says we have 1331 jurisdiction without actually citing 1782 or analyzes, as this court obviously may do in this opinion, analyzing whether it fits within the definition of civil action. But I submit that it does not fit within the definition of civil action under the law. And therefore, it does not fit within the plain language of Section 4. If I may, unless the Court has further questions, I'll move on to the next argument, which is that Section 3, I think, can be disposed of quite easily. Because Section 3 also requires a suit referable to arbitration culminating in a trial. And Burford, really, their argument is, once you decide that this is referable to arbitration under Section 4, you should grant to stay under Section 3. I'll refer the Court to the bottom of page 36 of their brief, where they say, once the Court required the Court to determine that it was properly referable. And if it was, stay in the case. We don't disagree. If this Court finds that it is subject to Section 4 and therefore properly referable to arbitration, we don't disagree that you would then stay the proceedings below. But there's no argument that if you find it's not referable, that you would nonetheless stay the proceedings below. I'd like to address, real briefly, the Section 2 arguments, because Burford, first of all, clearly waived them. A party seeking relief in federal court must demonstrate the Court's subject matter jurisdiction to grant relief. And Burford starts out by saying, in rather circular fashion, the Court had subject matter jurisdiction over the motion to compel by virtue of FRC 1782 application, and therefore they had no burden to establish subject matter jurisdiction. But that assumes that Burford wins the Section 4 argument. And because Burford's wrong, it did need to establish subject matter jurisdiction. And I think there's no dispute here. Burford did not raise it below. It's not in their motion. It's not in their briefs. The District Court expressly asked at page 357 of the appendix, what section of the FAA are you bringing it pursuant to? And Burford's counsel responded, Sections 3 and 4, and nothing else. And they tried the District Court by saying, in fact, at page 20 of their opening brief and page 16 of their reply, that they weren't permitted, they used the word permitted, to file a supplemental brief and come up with new bases. But they made no such request. They just rested on their Sections 3 and 4 arguments. And the legal standards are in our papers, but they're not close to being satisfied here. We cite at pages 32 to 33 many circuit courts that have said subject matter jurisdiction is waivable. And the Third Circuit has said, in order to overcome a waiver argument, you have to establish exceptional circumstances. And in Brown v. Philip Morris, this court defined exceptional circumstances as the public interest requires that the issues be heard or manifest injustice would result. Can we pivot back for a second to Section 4? Because I think I understand your argument there. Why, assuming we're persuaded by your 1331 argument, then why doesn't that just put us into the 1782 Vaden pass-through analysis? And what is your answer to that? Well, it is in the pass-through analysis. So they need to come up with a separate basis other than the fact that we are here in federal court. What they are saying is, we're here in federal court, that's good enough. And the answer is, no, we're here in federal court. That's the 1331 argument, right? But, no, they make the same argument with Section 4. They say, there's a controversy. If you read their briefs, they constantly just say, there is a controversy, there is a controversy, that is enough. They never grapple with the words in Section 4, that in addition to there being a controversy, there needs to be a civil action. And they misquote the district court, but the district court really put its finger on it. What the district court said at the appendix, at page 15, is a Section 1782 application does not, quote, create a claim or cause of action to resolve controversies between parties. And that's the key language. Now, more than 99 times out of 100, you're going to have, your controversy will be a civil action or a suit on almost every circumstance. But 1782 is unique. And we see it in lots of cases where they talk about, it's a unique mechanism vesting the district court with authority to aid foreign litigation. I mean, unique, too, is the absence of authority construing, of dealing with this particular controversy, right? Which is odd, because 1782 is old, Section 4 is old, and desires to invoke the FAA are not new, and yet here we are. I mean, there's two explanations for that. One, because it's always been thought to be part of Section 1331, that it really is all of a piece. And I agree with your point that it would seem that the pass-through analysis is the same as the 1331 analysis, which I think they will argue is kind of the same as the Article 3 analysis, which means once we have a case, we are in a civil suit that Congress has given it. And your argument is, no, we can have a case, but then we can take a detour off. And if we do that, then it doesn't matter whether it's Section 4 pass-through or 1331 analysis. We're just not within a civil action. So I agree with Grant. This is a case of first impression. It has not been decided on this very issue one way or the other. But that's why we have to focus on the words of the statute. And Section 4, it's unambiguous. Congress did not say a controversy is enough. Congress said you must have a civil action. And there is no case that I am aware of, and I don't think that there's an analysis from the magistrate judge in Florida that they cite, so perhaps excluding that, no case that I'm aware of at a higher than magistrate judge level then, that analyzed Section 1782 and found that it's a civil action. And when you look at all the cases that talk about what a civil action is, and you look at Rule 3 and you look at the Supreme Court CTS case, it is clear that a Section 1782, whatever unique animal you want to call it, it's not a civil action. And that's fatal under the words of the statute. I'd like if the court will indulge me to just mention one thing that they did not raise until their reply brief. And that's if the court winds up allowing them to proceed with this Section 203 argument. And then on the merits of 203, the law says that the subject matter needs to fall within the scope of the convention. And what they did on their reply on page 19 is they said there's only one way for subject matter of a dispute to fall outside the scope of the convention. That's if Congress expressly writes in the statute, we find this dispute under the statute to be not arbitrable. And I didn't get a chance to respond because it was in their reply brief, but there are two cases, one of this court and one of the Supreme Court, that squarely rejects that. In Shearson American Express v. McMahon, at page 227, the Supreme Court said that if Congress did intend to limit or prohibit waiver of a judicial forum for a particular claim, such an intent will be deducible from the statute's text or legislative history or from an inherent conflict between arbitration and the statute's underlying purposes. In this court, in 2006, Judge Roth and Ray Mintz wrote for the court at page 229, citing McMahon, to overcome enforcement of arbitration, a party must establish congressional intent to create an exception to the FAA's mandate with respect to the party's statutory claims. Congressional intent can be discerned in one of three ways. The court wrote the statute's text, two, the statute's legislative history, and three, an inherent conflict between arbitration and the statute's underlying purposes. And there is a lot of authority, and we cite the legislative history, about the underlying purposes of Section 782. And Z.F. Otto of the Supreme Court talks about the animating purpose of Section 782 is to aid foreign courts in the hope of reciprocity and sending these disputes to arbitration will not promote that underlying purpose. Thank you, Your Honor. Thank you, counsel. Mr. Hough. Thank you, Your Honor. May it please the court. Let me address first the argument that a 1782 application is not a civil action. I think the court can see that that's wrong through two bodies of law. Number one is Vaden itself. When Vaden analyzed FAA Section 4, it did not read the phrase a civil action in FAA Section 4 to be the equivalent of the phrase a cause of action. And the reason is because if you look at the text of FAA Section 4 and you substitute the phrase cause of action for a civil action, FAA Section 4 becomes incomprehensible. That's not what a civil action means in FAA Section 4. What Vaden said specifically is you look to the controversy between the parties. You're not looking to see whether the controversy is raised in something that qualifies in some technical sense as a civil action. So FRC's argument is inconsistent with, I would say, foreclosed by Vaden. It's also inconsistent with, and I think foreclosed by this court's cases, holding repeatedly five times that there is federal 1331, federal question 1331, jurisdiction over a 1782 proceeding. And of course, 1331 uses the phrase civil action. So if those cases are good law, then 1782 proceedings must be civil actions. And again, the reason for that is that the statute is not looking at whether a case or a controversy qualifies in some technical way as a cause of action. What Title 28 uses the phrase civil action to mean is a civil kind of action. When we had law, when we had equity, when the Judiciary Act of 1948 codified Title 28, it combined law and equity in a single jurisdictional title of the U.S. Code, Title 28. And so at bottom, FRC's reading of the phrase civil action to be the equivalent of some technical cause of action that 1782 doesn't qualify for is simply a misreading of that phrase in both 1331 and in 1782. Let me also address the notion that we had some obligation to explain to the district court what the basis for our subject matter jurisdiction was. We didn't. We were the respondent and the movant seeking to compel arbitration and to stay in response to a case that had already been filed. When a defendant in a case files a Rule 12 motion or a Rule 56 motion, there is nothing at the top of the motion that says the court's subject matter jurisdiction is based on 1331. The reason is it's perfectly well understood that the defendant that's already been hailed into court doesn't have an obligation to reestablish subject matter jurisdiction over a motion that's related to the case. That's exactly the case here. We were faced with a 1782 application. We wanted the court to compel arbitration of the 1782 application. When the district court said on what basis, we invoked sections two through four of the FAA, not as a jurisdictional explanation, but as an explanation of the substantive grounds on which we were seeking to compel arbitration. At bottom, jurisdiction goes both ways. FRC conceives that there's jurisdiction over the 1782 proceeding. That jurisdiction extended to our motion to compel arbitration and for a stay, the district court's dismissal should be reversed. Thank you, counsel. Thank you. The case is submitted. Can we take a five minute portion?